IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BRENDA RUFFNER,

        Plaintiff,

v.

QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON;
JP MORGAN MORTGAGE
ACQUISITION CORP.; and DOES 1-5,

        Defendants.

No. 3:19-cv-01824-HZ

OPINION & ORDER

John A. Cochran
Pacific Property Law, LLC
1021 SE Sunnyside Road, Suite 300
Clackamas, OR 97015

    Attorney for Plaintiff

1 – OPINION & ORDER

John M. Thomas
McCarthy & Holthus
920 SW Third Avenue, First Floor
Portland, OR 97204

    Attorney for Defendants

HERNÁNDEZ, District Judge:

    Plaintiff brings claims against Defendants under the Fair Debt Collection Practices Act ("FDCPA") and the Oregon Uniform Commercial Code ("UCC") arising from Defendants' initiation of a non-judicial foreclosure on her home. Before the Court is Plaintiff's motion for a preliminary injunction which seeks to enjoin the sale of her home during the pendency of this case. For the reasons explained in this opinion and on the record, the Court denies Plaintiff's motion.

## BACKGROUND

    Plaintiff purchased her home, located in Clackamas County, in 2005. Compl. ¶ 24, ECF 1. At that time, she signed a Promissory Note ("Note") and a Deed of Trust securing the Note.[1] Compl. ¶¶ 25, 32. The original lender identified on the Note is MILA, Inc. Carpenter Decl. Ex. 1, ECF 22-1 at 1. The Deed of Trust securing the Note gave MILA, Inc.'s nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"), authority to sell the home if Plaintiff defaulted on the Note. *Id*. MERS, acting as MILA's nominee, assigned the Deed of Trust and Note to HSBC Mortgage Services, Inc. on September 22, 2008. Carpenter Decl. ¶ 5, Ex. 4, ECF 22-4. MERS signed a corrected assignment of the Deed of Trust on behalf of MILA on April 18, 2013, again assigning the Deed of Trust and Note to HSBC Mortgage Services. Carpenter Decl. Ex. 6,

---

[1] Brian Ruffner, a nonparty to this suit, also signed the Deed of Trust. Carpenter Decl. Ex. 3, ECF 22-3 at 15.

ECF 22-7. The assignment of the Deed of Trust to HSBC Mortgage Services was recorded in Clackamas County on April 22, 2013. *Id*.

HSBC Mortgage Services assigned the Deed of Trust to U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust on December 17, 2013. Carpenter Decl. Ex. 7., ECF 22-7. The assignment was recorded in Clackamas County on January 13, 2014. *Id*. LSF8 Master Participation Trust assigned the Deed of Trust and Note to Defendant J.P. Morgan Mortgage Acquisitions ("JPM") on June 27, 2018. Carpenter Decl. Ex. 8, ECF 22-8. The assignment was recorded in Clackamas County on March 20, 2019. *Id*. On June 21, 2019, JPM appointed Defendant Quality Loan Service ("QLS") as the successor trustee. Carpenter Decl. Ex. 9, ECF 22-9. The appointment was recorded in Clackamas County on July 1, 2019. *Id*. QLS then recorded a Notice of Default and Election to Sell in Clackamas County on July 15, 2019. Carpenter Decl. Ex. 10, ECF 22-10.

Plaintiff moved for a temporary restraining order at the time that she filed suit. Pl. Mot. Temp. Restr. Or., ECF 2. After a hearing, the Court issued a temporary restraining order. Minutes of Nov. 19, 2019, Hrg., ECF 14. The Court heard argument from the parties on Plaintiff's motion for a preliminary injunction on January 7, 2020. Minutes of Jan. 7, 2020, Hrg., ECF 25.

## STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

3 – OPINION & ORDER

public interest." *Am. Trucking Ass'ns, Inc. v. City of L. A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 21). "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Similarly, serious questions going to the merits coupled with a balance of equities that tips sharply in Plaintiff's favor will support the issuance of an injunction if the other elements of the test are met. *Id*. at 1134-35 (internal citations omitted).

## DISCUSSION

**A. Likelihood of Success on the Merits**

Plaintiff's likelihood of success on the merits depends on whether JPM has authority to enforce the Note. Plaintiff concedes that she, "as a reasonable and prudent person[,] would surrender the property if Trustee Quality Loan or J.P. Morgan would show [that] J.P. Morgan, or another, holds the right to enforce her Note." Compl. ¶¶ 93, 116.

*1. Oregon Trust Deed Act*

Deed of Trust foreclosures are governed by the Oregon Trust Deed Act ("OTDA"). Under the OTDA, a trust deed beneficiary may, after meeting all notice requirements, instruct the trustee to conduct a trustee sale of the home. The OTDA provides that a trust deed beneficiary may not foreclose a deed of trust unless: (1) the grantor of the trust deed is in default on the note; (2) the beneficiary of the trust deed records the trust deed, any assignments of the trust deed, and the appointment of the trustee or successor trustee in the county where the property is located; and (3) the trust deed beneficiary or trustee records the notice of default, which must notify the grantor of the beneficiary's election to sell the property. O.R.S. 86.752.

The trust deed beneficiary or trustee must give notice of the sale to the grantor at least 120 days before the trustee sale. O.R.S. 86.764.

Plaintiff does not allege that Defendants failed to meet any of those requirements. Each of the assignments, including the assignment of the Deed of Trust to Defendant JPM, were recorded by March 2019. Carpenter Decl. Exs. 4, 6-8. JPM's appointment of QLS as successor trustee was recorded on July 1, 2019. Carpenter Decl. Ex. 9. The Notice of Default was recorded thereafter on July 15, 2019. Carpenter Decl. Ex. 10. All recordings were made in Clackamas County, where Plaintiff's home is located, as required by the OTDA. The trustee sale, at that time, was set for November 20, 2019, more than 120 days later. *Id*. Accordingly, Defendants complied with the recording and other requirements necessary to proceed with a foreclosure of the Deed of Trust that complied with the requirements of the OTDA.

   2. *Oregon Uniform Commercial Code*

The extent to which the Oregon Uniform Commercial Code ("U.C.C.") applies to this case, if at all, is unclear to the Court. The core of Plaintiff's U.C.C.-based argument is that Notice of Default that QLS sent Plaintiff was a presentment under O.R.S. 73.0501 (U.C.C. § 3-501) that required Defendant JPM to have the Note in its possession. The Official Comments to Article 3 explain that to fall within the definition of a "negotiable instrument," the instrument must be "payable to bearer or order." U.C.C. § 3-104 cmt. 2. If the instrument does not include "words of negotiability" that it is payable to bearer or order, it is not a negotiable instrument. *Id*. "Article 3 is not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money." *Id*.

Plaintiff argues that because JPM either lacked possession of the Note or was unwilling to prove that it possessed the note, it could not proceed with collection on the Note through

foreclosure of the Deed of Trust. Pl. Mot. Prelim. Inj. 3-5. Oregon courts have applied Article 3 to trust deeds that are subject to the OTDA. *See Nationstar Mortg. v. Niday*, 283 Or. App. 663, 666 (2017) (the holder of a note that is indorsed in blank has the right to enforce the note if the requirements of the OTDA are met); *Deutche Bank Trust Co. Am. v. Walmsley*, 277 Or. App. 690, 696 (2016) (the plaintiff "proved that it was the 'holder' of the note, and therefore entitled to enforce it in the event of a default, by establishing that it possessed the note at the time of the foreclosure action and that the note was indorsed to plaintiff."); *Nationstar Mortg., LLC v. Peper*, 278 Or. App. 594, 596 (2016) (noting that two "well-settled principles," the U.C.C. and OTDA, guide the analysis and holding that the plaintiff was entitled to enforce the note because it was indorsed in blank and in the plaintiff's possession).[2]

Defendants produced evidence that the Note has been in its possession since March 14, 2018. Def. Resp. Mot. Prelim. Inj. Ex. 2, ECF 22-2. Plaintiff did not object to that evidence or offer any evidence to refute that JPM is in possession of the Note. As a result, because JPM met the requirements to foreclose on the trust deed and possesses the note, Plaintiff has no likelihood of success on the merits of her U.C.C.-based claims.

///

///

---

[2] Cases from this district reach conflicting conclusions about whether the U.C.C. applies to a trust deed foreclosure. *See LNV Corp. v. Fauley*, 178 F. Supp. 3d 1043, 1047 (D. Or. 2016) (holding that the note, which had been indorsed as payable to the plaintiff, could be enforced by plaintiff because the note was in the plaintiff's possession); *Delorean v. First Horizon Home Loans*, No. 10-3021-CL, 2011 WL 4404148, at *3 (D. Or. Jun. 7, 2011) (internal citations omitted) ("The UCC does not require [the] defendant to present the original note . . . [n]or does the [Oregon Trust Deed Act] require presentment of the note or other proof . . . other than the deed of trust, to proceed with a non-judicial foreclosure." *McDaniel v. BAC Home Loans Serv.'g, LP*, No. 10-6143-HO, 2011 WL 1261387, at *3 (D. Or. Mar. 31, 2011) (the Oregon Trust Deed Act does not require presentation of the note to enforce a trust deed).

### 3. Fair Debt Collection Practices Act

Plaintiff also brings claims under the Fair Debt Collection Practices Act ("FDCPA") based on the communications that Defendants sent to Plaintiff regarding her default and the foreclosure sale of her home. Communicating with a homeowner about the foreclosure process is not debt collection activity subject to the FDCPA. *Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 574 (9th Cir. 2017) (noting that foreclosure sale notices are designed to protect the debtor). Consequently, Plaintiff has no likelihood of success on the merits of her FDCPA claim.

Plaintiff has failed to raise even serious questions going to the merits of her claims.[3] The absence of a likelihood of success on the merits precludes the Court from issuing a preliminary injunction. *Winter*, 555 U.S. at 20.

### B. Irreparable Harm

The severity of the harm that would result from the loss of Plaintiff's home may offset Plaintiff's weaker showing of likelihood of success on the merits. *Cottrell*, 632 F.3d at 1131. Real property is unique, and the loss of real property generally causes irreparable harm. *Sundance Land Corp. v. Comm. First Fed. Sav. and Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988). Accordingly, this factor weighs in favor of issuing a preliminary injunction.

### C. Balance of Equities

"To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it." *Univ. of Hawai'i Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir.

---

[3] In addition to her FDCPA and U.C.C.-based claims, Plaintiff alleges a claim of conversion. Compl. ¶¶ 122-137. Because Plaintiff offered no argument that she is likely to succeed on the merits of her conversion claim, she has failed to meet her burden, and the Court finds that she has no likelihood of success on the merits of that claim.

1999) (citing *Los Angeles Mem'l Coliseum Comm'n v. NFL,* 634 F.2d 1197, 1203 (9th Cir. 1980)). Both parties stand to suffer significant harm. Plaintiff stands to lose possession of and legal title to her home. Plaintiff has been in default on her loan for several months, and Defendant JPM will continue to incur costs and bear the expense of carrying the delinquent debt if it is enjoined from conducting a trustee sale until this litigation has ended. As a result, the Court finds that this factor is neutral.

### D. Public Interest

Whether this injunction issues will affect only the parties to this litigation. "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be at most a neutral factor in the preliminary injunction analysis." *Selecky*, 586 F.3d at 1138-39. The Court finds that this factor is neutral.

At a minimum, to receive a preliminary injunction, Plaintiff must raise at least serious questions going to the merits, the balance of hardships must tip sharply in her favor, and she must make at least some showing on the public interest and irreparable harm factors. *Cottrell*, 632 F.3d at 1135. Although a high likelihood of irreparable harm can make up for a lower likelihood of success on the merits, it is not a complete substitute for the requirement that Plaintiff must demonstrate some likelihood of success on the merits of her claims. *Id*. (*Winter* requires a showing on all four prongs).

///
///
///
///
///

For those reasons, Plaintiff has failed to meet her burden to demonstrate that she is entitled to the extraordinary remedy of a preliminary injunction.

## CONCLUSION

Plaintiff's motion for a preliminary injunction [16] is DENIED.

IT IS SO ORDERED.

DATED: February 18, 2020.

_____
MARCO A. HERNÁNDEZ
United States District Judge