IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA RUFFNER,

                Plaintiff,

   v.

QUALITY LOAN SERVICE CORP.
OF WASHINGTON; J.P. MORGAN
MORTGAGE ACQUISITION
CORP.; and DOES 1 through 5,

                Defendants.

No. 3:19-cv-01824-HZ

OPINION & ORDER

John A. Cochran
Pacific Property Law, LLC
4800 SW Meadows Rd., Ste. 300
Lake Oswego, OR 97035

       Attorney for Plaintiff

John M. Thomas
McCarthy Holthus, LLP
920 SW Third Ave., First Floor
Portland, OR 97204

       Attorney for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Brenda Ruffner brings Fair Debt Collection Practices Act (FDCPA) claims and common law claims of conversion and breach of the duty of good faith against Defendants Quality Loan Service Corporation of Washington (QLS), J.P. Mortgage Acquisition Corporation (JPM), and Does 1 through 5. Defendants QLS and JPM move for summary judgment on each of Plaintiff's claims. For the reasons explained below, the Court grants in part and denies in part Defendants' motion for summary judgment.

## BACKGROUND

The facts are in large part undisputed. Plaintiff Brenda Ruffner and Brian Ruffner purchased a home located in Clackamas County, Oregon, in 2005 and executed a promissory note (Note) and Deed of Trust securing the Note. Hamilton Decl. Ex. 1, ECF 39-1; Hamilton Decl. Ex 3. ECF 39-3. The Note is indorsed in blank. Hamilton Decl. Ex. 1.

After several transfers of the Note and assignments of the Deed of Trust[1], Defendant JPM received an assignment of the Deed of Trust on June 27, 2018. Hamilton Decl. Ex. 8 at 1, ECF 39-8. The assignment of the Deed of Trust to Defendant JPM was recorded in Clackamas County on March 20, 2019. *Id*. JPM appointed Defendant QLS as the successor trustee and recorded the appointment in Clackamas County on July 1, 2019. Hamilton Decl. Ex. 9 at 1, ECF 39-9. Two weeks later, QLS recorded a Notice of Default and Election to Sell the property in Clackamas County. Hamilton Decl. Ex. 10, ECF 39-10. Plaintiff then filed this action, alleging that Defendant JPM, who had been unable or unwilling to demonstrate to Plaintiff that it was the holder of the Note, had no legal right to enforce the Note and foreclose on her Deed of Trust.

---

[1] The prior history of transfers of the Note and Deed of Trust is described in the Court's February 21, 2020 Opinion & Order and is not repeated here. Op. & Order 2–3, ECF 28.

Compl. ¶¶ 88–89, ECF 1. She acknowledged in the Complaint, however, that "if Trustee Quality Loan or J.P. Morgan would show J.P. Morgan, or another, holds the right to enforce her Note," she would surrender the property. Compl. ¶ 93.

In January 2020, Defendant QLS sold the property and Defendant JPM purchased it at the Trustee's sale. Defendant QLS issued a Trustee's Deed to Defendant JPM on January 13, 2020. Hamilton Decl. Ex. 12, ECF 39-12.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108,

1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendants argue that no question of fact remains that JPM possessed the Note when it initiated a non-judicial foreclosure on Plaintiff's home. As a result, Defendants argue, they had authority to foreclose on the Deed of Trust and are entitled to summary judgment on Plaintiff's state law claims. Defendants argue that they are also entitled to summary judgment on Plaintiff's FDCPA claims because they are premised on Plaintiff's argument that Defendants lacked authority to foreclose on the Deed of Trust.

## I.    Legal Authority to Enforce the Note

Plaintiff alleges, as a threshold question to her FDCPA claim, that Defendants did not have legal authority to foreclose on the Deed of Trust because Defendant JPM has not proven that it was in possession of the note at the time it initiated the non-judicial foreclosure. There is no dispute that because that Note is indorsed in blank, making it a bearer instrument, the possessor of the Note had legal authority to foreclose on the property when Plaintiff defaulted on the loan. Defendant JPM argues that because it has possessed the Note since March 14, 2018, it had the legal right to initiate a non-judicial foreclosure.[2] Defs. Mot. Summ. J. (Defs. Mot.) 6–7, ECF 38.

_____

[2] Plaintiff alleges that under the U.C.C., Defendant JPM was required to present the Note when Plaintiff demanded evidence that it possessed the Note and, by failing to do so, Defendant JPM's presentment failed. Comp. ¶¶ 36–37. Defendants' motion raises no argument to the contrary. Because the question of whether the U.C.C. required Defendant JPM to present the Note before it could foreclose on the Deed of Trust under the Oregon Trust Deed Act is not before the Court,

Plaintiff argues that Defendants are not entitled to summary judgment because a question of fact remains concerning whether JPM is in possession of the Note. Pl. Resp. 6–7, ECF 42. Plaintiff argues that the evidence offered by JPM is insufficient to demonstrate that no question of fact remains because JPM has not provided a copy of the original note or any other undisputed evidence that it possesses the note *Id*. at 7. Plaintiff also argues that Defendant has failed to establish that the note was properly transferred to JPM in a valid chain of indorsements. *Id*.

As evidence that it has possessed the Note since March 14, 2018, Defendant JPM offers an affidavit of a representative of Rushmore Management Services, LLC (Rushmore). Hamilton Decl. ¶ 1, ECF 39. Rushmore is the servicing agent for Plaintiff's loan and serves as JPM's attorney in fact.[3] *Id*. Ms. Hamilton attests that JPM maintains the records for Plaintiff's loan in the regular course of business and that she has reviewed those records. *Id*. Ms. Hamilton attests that she attached "a true and correct copy of the Note" to her declaration and attests that JPM "has been in possession of the Note since March 14, 2018, according to the business record attached as Exhibit 2." *Id*. ¶ 3. Ms. Hamilton's declaration essentially attests that she has access to a business record that purports to establish Defendant JPM's possession of the note. *Id*. The business record cited by Ms. Hamilton appears to be a screenshot of a web form or a spreadsheet, and it contains no indication that it was generated by or stored by Defendant JPM. *Id*.; Hamilton Decl. Ex. 2, ECF 39-2. The screenshot contains an entry in a field labeled "Comment" which says, "Per email confirmation from the custodian, the custodian (WFB) is in possession of the

_____

the Court makes no such finding. The question before the Court is whether Defendants have established that no question of fact remains that they possessed the Note when Defendants foreclosed on the Deed of Trust, and the Court's Opinion relates to that question only.
[3] The document in which Defendant JPM appointed Rushmore as its attorney-in-fact is not in the record. The scope of Rushmore's authority to act on Defendant JPM's behalf concerning Plaintiff's Note and Deed of Trust is unclear to the Court.

original Note. Date of possession is 3/14/2018." *Id*. The screenshot also contains no indicia of the "original Note" to which it refers—Plaintiff's name does not appear anywhere in the record. *Id*. The entry appears to have been made by a user identified as "CLEDEZMA" on April 8, 2019. *Id*.

The evidence in the record is insufficient to demonstrate that JPM was in possession of the Note when it initiated a non-judicial foreclosure on Plaintiff's home. The sole evidence JPM provides is a record that indicates that a "custodian" identified as "WFB" possesses an original Note that is not identified as the Note executed by Plaintiff. The only other evidence Defendant JPM offers is a declaration of its "attorney in fact" in which the declarant attests based on the existence of the record, not on the declarant's personal knowledge or observation, that JPM has been in possession of the original Note executed by Plaintiff since 2018, even though the record does not identify the Note to which it refers. At best, the Court can conclude that "WFB" is in possession of an original Note. Although the record suggests that WFB is a custodian, nothing in the record establishes that "WFB" is Defendant JPM's custodian or that WFB holds the original Note, executed by Plaintiff, on behalf of or as an agent for Defendant JPM. Viewing the evidence in the light most favorable to Plaintiff, a question of fact remains concerning whether Defendant JPM possessed the original Note executed by Plaintiff and thus had authority to non-judicially foreclose on Plaintiff's Deed of Trust.

Defendants argue that the Court "acknowledged J.P. Morgan's authority to foreclose" in the Court's Opinion & Order on Plaintiff's Motion for a Preliminary Injunction. Defs. Mot. 8. Although the Court found that Plaintiff had failed to meet her burden to show a likelihood of success on the merits of her claims, that finding does not compel the conclusion that Defendants are entitled to summary judgment based on the same evidence. *Cf. Verco Decking, Inc. v.*

*Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2016 WL 3612072, at *3 (D. Ariz. Jan. 4, 2016) (noting the differences in the legal standards applicable to motions for summary judgment and motions for a preliminary injunction). On summary judgment, Defendants have the burden to demonstrate that no question of fact remains concerning whether Defendant JPM possessed the Note and whether Defendant QLS violated the FDCPA—a burden they did not have as the opposing parties to Plaintiff's motion for a preliminary injunction. Thus, the Court's observations in denying that motion thus have no bearing on the Court's decision of this motion.

Plaintiff raises additional arguments concerning the validity of transfers of the beneficial interest in the Deed of Trust. Pl. Resp. 9. Plaintiff argues that MERS did not have legal authority to transfer the beneficial interest in the Deed of Trust to HSBC and, as a result, HSBC's subsequent assignment of the Deed of Trust to Caliber Home Loans and all transfers recorded thereafter were invalid. *Id*. at 9–10. Those arguments are meritless. As Plaintiff herself acknowledges elsewhere in her response to Defendants' motion, "the beneficial interest in a deed of trust securing [a] promissory note 'follows the promissory note that it secures' by operation of law." *Roisland v. Flagstar Bank, FSB*, 989 F. Supp. 2d 1095, 1103 (D. Or. 2013) (quoting *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 694 (2013)). Thus, whether MERS had legal authority to transfer the beneficial interest in the Deed of Trust is irrelevant: the holder of the note received the beneficial interest in the Deed of Trust by operation of law when it took possession of the Note indorsed in blank. *Id*.; *Nationstar Mortg., LLC v. Peper*, 278 Or. App. 594, 598 (2016) ("the beneficiary is the person to whom the obligation that the trust deed secures is owed . . . in this case, either the lender or its successor") (internal citations and quotation marks omitted). Thus, if JPM possessed the note, it also had the beneficial interest in the Deed of

Trust and legal authority to foreclose, regardless of the history of recorded assignments of the Deed of Trust in public records.

Plaintiff also argues that "[i]t is mandatory that the lender produce the chain of endorsements. The Note would not shed light on the negotiation of said note to multiple entities." Pl. Resp. 7 at ¶ 23. This argument seems to suggest that for Defendant JPM to foreclose on the Deed of Trust, it not only had to be the holder of the Note, it also had to own the Note. Plaintiff is incorrect. *See* Or. Rev. Stat. § (O.R.S.) 73.0301 ("A person may be a person entitled to enforce the [negotiable] instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.").

Plaintiff also argues that if Defendant JPM was not the holder of the Note when it foreclosed, then the appropriate remedy is to nullify the sale and foreclosure of Plaintiff's home. Pl. Resp. 3, ¶ 6. Plaintiff did not develop that argument, and Defendants did not address it in their reply, so the Court declines to decide it.

## II.    FDCPA Claims

Because the Court finds that a question of fact remains concerning whether Defendant possessed the original Note at the time it foreclosed, the Court now turns to Defendants' remaining arguments concerning Plaintiff's FDCPA claims. Defendants argue that Plaintiff's FDCPA claims fail because Defendants are not subject to the FDCPA and, even if they are, they did not violate the FDCPA because the information QLS provided to Plaintiff in response to her Qualified Written Request (QWR) was accurate. Defs. Mot. 9.

Plaintiff alleges that QLS violated 15 U.S.C. §§ 1692e(2), 1692f. Compl. ¶¶ 86, 95. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A

"debt collector" is "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due by another." 15 U.S.C. § 1692a(6). The FDCPA also provides that "[f]or the purpose of section 1692f(6) [the] term [debt collector] also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." *Id*. Thus, the only provision of the FDCPA that applies to a business whose principal purpose is the enforcement of security interests is 15 U.S.C. § 1692f(6). *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1036–38 (2019) (holding that a law firm engaged to assist with nonjudicial foreclosure of a mortgage was not a debt collector under the FDCPA except under § 1692f(6))[4]. *See Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 574 (9th Cir. 2017) (noting that foreclosure sale notices are designed to protect the debtor and holding that communicating with a homeowner about the foreclosure process is not debt collection activity subject to the FDCPA). Defendant QLS, a business whose principal purpose is the enforcement of security interests, is not a debt collector under the definition in § 1692a(6), which is the definition of debt collector that applies to § 1692e. Thus, Defendants are entitled to summary judgment on Plaintiff's claim for violation of § 1692e.

Plaintiff's Complaint alleges violations of § 1692f[5] generally and § 1692f(1). Compl. ¶¶ 113, 121. Because Defendants are not debt collectors under § 1692f(1), the Court grants their

---

[4] Plaintiff's arguments concerning the applicability of *Obduskey* to the Court's FDCPA analysis is confusing. Plaintiff initially argues that *Obduskey* does not apply because the Supreme Court decided it after QLS sent Plaintiff communications that violated the FDCPA. Pl. Resp. 2. Plaintiff then argues that *Obduskey* establishes that if Defendant JPM did not possess the Note when it foreclosed, it violated § 1692f(6). Pl. Resp. 13.

[5] Plaintiff's Complaint alleges a violation of "15 U.S.C. § 1692(f)," which does not exist. The Court presumes that Plaintiff intended to allege a violation of § 1692f generally, particularly because the heading for Count 3 of Plaintiff's Complaint correctly cites 15 U.S.C. § 1692f. Compl. at 13.

motion for summary judgment on that claim. Although not stated as a separate cause of action, Plaintiff's Complaint could be construed to include a claim under § 1692f(6) because it alleges a violation of § 1692f. *See* Compl. ¶ 95 (alleging that QLS violated § "1692(f)" when it scheduled a trustee's sale of the property before establishing that JPM possessed the Note). Section 1692f(6) provides that conduct that violates the FDCPA includes:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>
> > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> >
> > (B) there is no present intention to take possession of the property; or
> >
> > (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). The Court has found that a question of fact remains concerning whether Defendant JPM possessed the Note. Thus, a question of material fact exists concerning whether Defendant JPM had the present right to possession of the property when it threatened to and took non-judicial action to foreclose on the Deed of Trust. As a result, Defendants' motion for summary judgment on Plaintiff's FDCPA claims is denied regarding Plaintiff's claims under § 1692f(6) and granted as to Plaintiff's claims under all other FDCPA provisions.

## III.    Plaintiff's Remaining Claims

In Counts 6 and 7 of her Complaint, Plaintiff brings common law claims of conversion and violation of the covenant of good faith and fair dealing. Compl. ¶¶ 123–148. Defendants move for summary judgment on those claims. Defs. Mot. 10–11.

### A.    Conversion

Plaintiff's conversion claim alleges that Defendants converted her personal property rights in the Note and Deed of Trust—personal property rights which Plaintiff characterizes as chattels—to their own use. Compl. ¶¶ 123–128. Defendants argue that Plaintiff has failed to

produce any evidence of conversion because they had authority to enforce the Note and foreclose on the Deed of Trust and, thus, there is no factual or legal basis for "conversion" on this record. Defs. Mot. 10. Although the Court finds that a question of fact remains concerning whether Defendants had authority to foreclose on the Deed of Trust, the Court finds that Plaintiff's conversion claim fails for a different reason.

Oregon courts have adopted the standard for conversion from Restatement (Second) of Torts § 222A(1) (Am. L. Inst. 1965). *Mustola v. Toddy*, 253 Or. 658, 663 (1969). Conversion is the "intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Morrow v. First Interstate Bank of Or., N.A.*, 118 Or. App. 164, 171 (1993). Plaintiff does not allege that Defendants converted the Note or Deed of Trust, she alleges that Defendants converted her personal property rights in them. Compl. ¶ 137. The Court is unconvinced that Plaintiff's "personal property rights" are chattels subject to a conversion claim. *See, e.g.,* 63C Am. Jur. 2d Property § 22 ("Chattels are visible, tangible, movable personal property, not amounting to a freehold or leasehold, although the word 'chattels' may be used in a broader sense.") (citation and internal quotation marks omitted). Regardless, Plaintiff offers no argument as to why the Court should not grant Defendants summary judgment on this claim.[6] Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's conversion claim.

///

///

///

---

[6] Plaintiff's response to Defendants' motion for summary judgment addresses only Defendants' arguments concerning her FDCPA claim.

**B.      Covenant of Good Faith and Fair Dealing**

Defendants argue that they are entitled to summary judgment on Plaintiff's claim that they breached their duty of good faith because the conduct they engaged in was mere exercise of their rights under the Note and Deed of Trust. Defs. Mot. 10. Again, Plaintiff does not oppose Defendants' motion for summary judgment on this claim. Accordingly, the Court grants Defendants' motion for summary judgment on this claim.

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment [38].

IT IS SO ORDERED.

DATED:    April 12, 2021        .

MARCO A. HERNÁNDEZ
United States District Judge

12 – OPINION & ORDER